**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4618**

---

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

      versus

ACZEL CARDENAS-SOSA,

                                  Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-03-31-WCB)

---

Submitted: April 20, 2007            Decided: May 16, 2007

---

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Amanda L. Lewis, Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aczel Cardenas-Sosa[1] appeals his convictions and sentence following his guilty plea to distribution of methamphetamine, see 21 U.S.C.A. § 841(a)(1) (West 1999), and unlawfully reentering the United States after having been deported for committing an aggravated felony, see 8 U.S.C.A. § 1326(a), (b)(2) (West 2005). We affirm in part and dismiss in part.

I.

Cardenas-Sosa first argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review). Cardenas-Sosa sought to withdraw his plea on the ground that his former attorney misinformed him about the possible sentence he faced. After conducting an extensive hearing, which included testimony from Cardenas-Sosa and his former counsel, the district court determined that Cardenas-Sosa had not established a sufficient basis for withdrawing his plea. In particular, the district court found that Cardenas-Sosa had received competent advice from his attorney and that the court had made it clear during the plea colloquy that Cardenas-Sosa could receive a sentence up to the statutory maximum.

---

[1]At various points in the record, the defendant's last name is spelled "Cardenas-Sosa" and "Cardena-Sosa." In accordance with the parties' briefs, we will use the former spelling.

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason ... is one that essentially challenges ... the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Having reviewed the record, we conclude that the district court did not abuse its discretion in determining that Cardenas-Sosa failed to carry this burden. We therefore affirm the denial of Cardenas-Sosa's motion to withdraw his guilty plea.[2]

## II.

Cardenas-Sosa next raises various arguments challenging his sentence. As part of his plea agreement, however, Cardenas-Sosa waived the right to appeal any sentence within the statutory maximum. Such an appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

Our review of the record shows that Cardenas-Sosa knowingly and intelligently waived the right to appeal his sentence. During the plea colloquy, the district court questioned Cardenas-Sosa regarding the appeal waiver, and he stated that he understood it. Further, defense counsel confirmed that he and Cardenas-Sosa had

---

[2]We have considered the other challenges to Cardenas-Sosa's convictions raised in his pro se supplemental briefs, and we conclude that those arguments lack merit.

3

discussed the appellate waiver "at length" and that Cardenas-Sosa fully understood its consequences. J.A. 69. Because Cardenas-Sosa validly waived the right to appeal his sentence, we dismiss the portion of Cardenas-Sosa's appeal challenging that sentence.[3]

## III.

For the reasons stated above, we affirm Cardenas-Sosa's convictions and dismiss the portion of Cardenas-Sosa's appeal challenging his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

---

[3]Even if Cardenas-Sosa had not waived the right to appeal his sentence, we would conclude that his arguments challenging that sentence are without merit.

4